Filed 11/1/13  P. v. Cizek CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KENNETH ROBERT CIZEK,<br><br>Defendant and Appellant. | F064901<br><br>(Super. Ct. Nos. VCF249671,<br>PCF203272)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Brett R. Alldredge, Judge.

David L. Kelly, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Kane, Acting P.J., Franson, J. and Peña, J.

In case No. VCF249671, appellant, Kenneth Robert Cizek, pled no contest to assault by means of force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(1))[1] and admitted a great bodily injury enhancement (§ 12022.7, subd. (a)). In case No. PCF203272, Cizek admitted violating his probation. In case No. PCM250853, he pled no contest to being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)). On August 23, 2011, the court sentenced Cizek to an aggregate five-year prison term. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On February 22, 2011, Porterville police officers responded to a report of an assault and found the victim, D. Smith, sitting on a curb bleeding from lacerations to his face and head. Smith told the officers he was walking by a trailer park when Cizek confronted him and asked if Smith was looking at him. Smith replied he was not and Cizek followed him, demanding to know if Smith was a child molester. When Smith replied he was not, Cizek began punching him in the face, knocking him to the ground. Smith attempted to get up and Cizek pushed him, causing Smith to hit his head on the metal railing at the side of the road.

Officers responded to the trailer park, detained Cizek, and transported him to the police station. During an interview, Cizek stated he and a friend saw Smith standing in front of the trailer park watching a young girl and heard him make rude comments. After telling Smith to leave, Cizek walked into the trailer park. He returned to the front of the park later to make sure Smith had left and saw him standing a short distance away. Cizek approached Smith and asked him if he was "some kind of child molester." When Smith did not respond, Cizek got mad and punched him in the face and head twice.

---

**1**      All further statutory references are to the Penal Code unless otherwise indicated.

2

Officers interviewed Cizek's friend, who stated he had not seen a young girl in the area or heard Smith make any rude comments.

The victim was transported to a hospital and treated for multiple facial fractures and lacerations (case No. VCF249671).

On April 19, 2011, the district attorney filed an information, in case No. VCF249671, charging Cizek with assault by means of force likely to produce great bodily injury (count 1) and battery with serious bodily injury (count 2/§ 243, subd. (d)). Count 1 also alleged a great bodily injury enhancement.

On May 16, 2011, Cizek entered pleas in case Nos. VCF249671 and PCM250853, and admitted violating his probation in case No. PCF203272, in exchange for an aggregate term of two years in all three cases, the dismissal of count 2 of case No. VCF249671, and the court striking the punishment for the enhancement in that case.

On July 12, 2011, the court advised Cizek that after reading "the probation report and all relevant information" it was not comfortable sentencing him to a two-year term and it would instead impose an aggregate five-year term in the three cases. The court also advised Cizek it would allow him to withdraw his pleas and it granted defense counsel's request for a continuance.

On August 16, 2011, the court reiterated that it would allow Cizek to withdraw his pleas but Cizek did not do so. The court then continued the matter so that the probation department could update Cizek's presentence custody credit.

On August 23, 2011, the court sentenced Cizek to an aggregate five-year term: the mitigated term of two years on his assault conviction in case No. VCF249671; a three-year great bodily injury enhancement in that case; a concurrent two-year term in case No. PCF203272; and 90 days in case No. PCM250853, with credit for time served.

Cizek's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*Wende*, *supra*, 25 Cal.3d 436.) However, in a supplemental brief filed January

3

8, 2013, Cizek contends he was denied the effective assistance of counsel by his defense counsel's failure to file a timely appeal in this matter. This contention is moot.

On December 9, 2011, Cizek attempted to file an untimely notice of appeal.

On December 22, 2011, the Tulare County Superior Court advised Cizek by letter that his notice of appeal was received, but not filed, because it was untimely. Thereafter, Cizek filed a petition for habeas corpus in this court (F064008), alleging that his trial counsel agreed to file a timely notice of appeal on his behalf but failed to do so.

On April 24, 2012, this court granted Cizek's petition for a writ of habeas corpus and allowed him until May 15, 2012, to file for a certificate of probable cause and a notice of appeal.

On May 15, 2012, the Tulare County Superior Court filed Cizek's notice of appeal that ultimately resulted in the instant opinion. In view of the foregoing, Cizek's ineffective assistance of counsel claim is moot because it was resolved in the context of the habeas petition he filed, and Cizek has already received the benefit he claims he was denied by his defense counsel's ineffective representation.

Further, following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

4